WO  NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Judy Christoffersen,<br><br>    Plaintiff,<br><br>v.<br><br>Hardeep Singh Malhi, *et al.*,<br><br>    Defendants. | No. CV-16-08055-PCT-JJT<br><br>**ORDER** |

At issue is Plaintiff Judy Christoffersen's Motion for Sanctions and Default Judgment (Doc. 59, Mot.), to which Defendants MD Trucking, Hardeep Singh Malhi, and Karamjit Malhi filed a Response (Doc. 60, Resp.), and in support of which Plaintiff filed a Reply (Doc. 61, Reply). The Court elects to resolve Plaintiff's Motion without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

Defendant Hardeep Singh Malhi was the sole owner of Defendant MD Trucking and one of only two employees. On November 2, 2013, Mr. Malhi was driving a tractor-trailer owned by MD Trucking and crashed into Plaintiff's vehicle. According to the accident report, Defendants' truck collided with the rear portion of Plaintiff's vehicle, which was estimated to be travelling 20 miles per hour below the speed limit. The car, which was being driven by Plaintiff's husband, rolled repeatedly upon impact. Although Mr. Christoffersen purportedly said he was fine after the accident, he was airlifted to the nearest hospital.

On November 13 and 20, 2013, MD Trucking's insurance company, National Casualty Company, sent letters acknowledging Plaintiff's injury claim to Plaintiff's counsel. On November 16, 2013, Mr. Christoffersen died. On January 14, 2014, National Casualty was informed of Mr. Christoffersen's death and communicated that information to Mr. Malhi.

On January 24, 2014, Mr. Malhi transferred real estate holdings to his brother-in-law. On February 3, 2014, Plaintiff sent Mr. Malhi and MD Trucking letters of preservation by certified and First Class mail demanding they retain documents related to the impending litigation. Although Plaintiff's counsel sent such letters to the correct address, they were returned unclaimed. In June or July 2014, Mr. Malhi dissolved MD Trucking and shredded and disposed of all of its records and files.

On October 23, 2015, Plaintiff filed her Complaint in the Superior Court of the State of Arizona alleging negligence, negligence *per se*, negligent hiring and supervision, statutory violations, and wrongful death. (Doc. 1 Ex. 1.) On March 21, 2016, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441. (Doc. 1.)

In subsequent discovery, MD Trucking failed to provide any documents relating to its business operations in any form. MD Trucking's only document production consisted of a copy of the relevant insurance policy. However, in its written responses, MD Trucking stated that it followed the Federal Motor Carrier Safety Regulations ("FMCSR"). On the other hand, in his Rule 30(b)(6) deposition, Mr. Malhi stated that he does not know what the FMCSR are, asked that they be explained, stated that MD Trucking did not follow FMCSR hiring requirements, and was unable to assert compliance with other FMCSR regulations.[1] Plaintiff then filed this Motion.

## II. LEGAL STANDARDS

District courts may impose sanctions as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."

---

[1] The Court acknowledges that Mr. Malhi is not a native English speaker and Defendants' argument that his deposition transcript may not accurately reflect his testimony or the facts therein. (Resp. at 2.)

*Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (excluding evidence as a sanction for spoliation). This power includes the "'broad discretion to make . . . evidentiary rulings conducive to the conduct of a fair and orderly trial.'" *Unigard*, 982 F.2d at 368 (internal quotation and citation omitted).

The district courts' inherent power to sanction may be invoked in response to destruction of evidence. If a party breaches its duty to preserve evidence, the opposing party may move the court to sanction the responsible party. *See Id.* at 365. At courts' disposal are three methods of sanction. First, a court can instruct the jury that it may draw an inference adverse to the party or witness responsible for destroying the evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Second, a court can exclude witness testimony regarding the destroyed evidence proffered by the responsible party. *Id.* Finally, a court may dismiss the claim of the party responsible for destroying the evidence or grant default judgment to the opposing party. *Allstate Ins. Co. v. Sunbeam Corp.*, 53 F.3d 804, 806-07 (7th Cir. 1995); *see also Chambers*, 501 U.S. at 45 ("outright dismissal . . . is a particularly severe sanction, yet is within the court's discretion"); *Alexander v. Nat'l Farmers Org.*, 687 F.2d 1173 (8th Cir. 1982) (dismissal of claims is a severe sanction and may be warranted for "outrageous" destruction of evidence); Fed. R. Civ. P. 37(e) ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it . . . the court [may] dismiss the action or enter a default judgment").

A party's destruction of evidence need not be in "bad faith" to warrant a court's imposition of sanctions. *Glover*, 6 F.3d at 1329; *Unigard*, 982 F.2d at 368 n.2. District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation. *See Glover*, 6 F.3d at 1329; *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). However, a party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed. *Baliotis v. McNeil*, 870 F. Supp. 1285, 1291 (M.D. Pa. 1994); *see also In re Napster, Inc. Copyright*

*Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006) (the court should "impose the 'least onerous sanction' given the extent of the offending party's fault and the prejudice to the opposing party").

### III. ANALYSIS

In resolving Plaintiff's Motion, the Court is required to determine whether or not Defendants had a duty to preserve the records that were destroyed and, if so, when. If the Court determines that Defendants had a duty preserve, it must then decide what sanction is appropriate for noncompliance. The Court will analyze each in turn.

#### A. Duty to Preserve

Before addressing each requested sanction, the Court must address Defendants' duty to preserve the missing evidence. Plaintiff argues that the duty to preserve was triggered on November 2, 2013, when the crash occurred. (Mot. at 11.) Plaintiff argues that such notice—and thus, Defendants' duty to preserve—was further bolstered by Defendants' insurance company's letters sent on November 13 and 20, 2013; Defendants' subsequent knowledge of Mr. Christoffersen's death; and Plaintiff's counsel's attempts to deliver notices of preservation on February 3, 2014. (Mot. at 11-12.) Defendants contend that they were unaware of any pending claim when destroying the records and were therefore under no duty to preserve them. (Resp. at 3-4.)

It is well established that the "duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation." *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011); *Morford v. Wal-Mart Stores, Inc.*, No. 2:09–cv–02251–RLH–PAL, 2011 WL 635220, at *3 (D. Nev. Feb. 11, 2011) (the duty to preserve is triggered "not only during litigation, but also extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation"). The Ninth Circuit has not expressly defined the term "anticipated litigation," and trial courts have crafted various formulations of when a party "should know" that the evidence may be relevant to future litigation. *In re Napster*, 462 F. Supp. 2d at 1068; *World Courier v. Barone*, No. C 06-3072 TEH, 2007 WL 1119196,

at *1 (N.D. Cal. Apr. 16, 2007); *Hynix Semiconductor Inc. v. Rambus, Inc.*, No. C–00–20905 RMW, 2006 WL 565893, at *21, 24 (N.D. Cal. Jan. 5, 2006) (finding that litigation became "probable" when counsel was selected), *overruled on other grounds*, *In re Hitachi Television Optical Block Cases*, No. 08CV1746 DMS NLS, 2011 WL 3563781, at *1 (S.D. Cal. Aug. 12, 2011); *Ameripride Servs., Inc. v. Valley Indus. Serv., Inc.*, No. CIV S–00–113 LKK/JFM, 2006 WL 2308442, at *4 (E.D. Cal. Aug. 9, 2006) (placing the anticipated litigation date to when a potential claim was identified). Regardless of the precise terminology employed, courts recognize that once a potential dispute matures to the point that litigation may well follow, relevant evidence should be preserved.

In the current instance, it is unequivocal that Plaintiffs' Complaint was not filed until 15 to 18 months after Defendants dissolved MD Trucking and destroyed the records associated with it. On the other hand, Defendants had uncontroverted knowledge of the incident. Not only was Mr. Malhi the driver of the truck that struck Plaintiff's vehicle, he was the owner and operator of MD Trucking. Defendants received multiple notifications from their insurance company regarding the injury claims and Mr. Christoffersen's eventual death. It is hard to imagine a set of circumstances—personal injury resulting in loss of life—more likely to result in litigation. While Plaintiff sent multiple letters of preservation to Defendants that went ultimately undelivered, the non-delivery of those letters is suspicious. At any rate, the Court finds that Defendants had knowledge of a potential claim and, regardless of any business acumen or lack thereof, should have known that any records relating to MD Trucking may be relevant to that claim. Thus, Defendants had a duty to preserve their record documents that was triggered prior to MD Trucking's dissolution and document destruction.

### B.     Default Sanction

Plaintiff argues that the destroyed records are necessary to establish alleged violations of the FMCSR which are determinative to her negligence *per se* claims. (Mot. at 8-9.) Plaintiff further contends that the records are necessary to prove her negligent

hiring, training, supervision, and retention claims and their destruction warrants default as to those claims. (Mot. at 9-11.) Defendant responds that neither Rule 37(e)[2] of the Federal Rules of Civil Procedure nor the Court's inherent powers authorize sanctions because Plaintiff failed to address the relevant factors, identify any prejudice, illustrate the requisite *mens rea*, or demonstrate the relevancy of the destroyed documents. (Resp. at 4-9.)

When considering a default sanction in response to spoliation of evidence, the court must determine "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (citation omitted). This multi-factor test is not "a mechanical means of determining what discovery sanction is just," but rather "a way for a district judge to think about what to do." *Id.*

The first two factors favor default judgment. Both the public and judicial interest in expeditious resolution is affected by Defendants' failure to preserve evidence, the resulting delay caused by internal discovery disputes, circuitous efforts by Plaintiff to confirm and otherwise obtain discovery, and the instant motion for sanctions. *See Leon*, 464 F.3d at 958 n.5. The third factor—prejudice—"'looks to whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial or threatened to interfere with the rightful decision of the case.'" *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citation and brackets omitted). It is apparent that Plaintiff has been prejudiced by the spoliation of any and all records regarding MD Trucking's operations, both in regards to the relevant instance and otherwise, and the Court concludes that the spoliation will force Plaintiff to rely on "'incomplete and spotty'" evidence at trial. *Leon*, 464 F.3d at 959 (quotation omitted). Although Defendants argue otherwise, the destroyed

---

[2] As Plaintiff notes, Rule 37(e) has been applied to all records, not just electronic ones, as Defendants argue. *See, e.g.*, *Surowiec v. Capital Title Agency, Inc.*, 790 F. Supp. 2d 997, 1005 (D. Ariz. 2011).

records regarding compliance with regulations—such as those regarding daily driving limits, truck and brake maintenance, and any other personnel or equipment issues—are unequivocally relevant to Plaintiff's claims. The fourth factor, as always, weighs against a terminating sanction, as doing so precludes a resolution based on merit. As to the fifth factor, and as discussed below, an adverse inference sanction is available in place of a case-dispositive one.

Applying the five-factor test, the Court finds entry of default judgment to be too drastic. *See Goodman v. Praxair Servs., Inc.*, 632 F. Supp. 2d 494, 519 (finding terminating sanction inappropriate where the spoliating party did not act in bad faith). It is impossible to unequivocally state—as Defendants do—that the records are irrelevant to Plaintiff's claims, because those records have been destroyed. Neither Plaintiff nor the Court can ascertain their ultimate relevance, whether it be inculpatory or exculpatory. Thus, the Court acknowledges the prejudice caused by the lack of operational and compliance records available to Plaintiff—particularly in terms of her negligence *per se* claim, as well as those based in part or in whole on statutory compliance, or hiring and supervision practices. However, the Court must also acknowledge the organizational structure of MD Trucking. Mr. Malhi, who is a party to the action and available for both deposition and evidentiary testimony, was the driver of the truck, owner of MD Trucking, and one of only two MD Trucking employees. MD Trucking only owned one truck, which was jointly driven with both employees taking shifts behind the wheel. By analogy, Mr. Malhi was the Chief Executive, Operations, and Compliance Officer for MD Trucking, as well as 50% of its employee base. His knowledge regarding MD Trucking's compliance with any statutory scheme, hiring practices, supervision duties, and general operations can partially replace the very evidence that Plaintiff seeks. In sum, the spoliation that occurred here does not foreclose a rightful determination of the matter such that the drastic remedy of default is appropriate. However, because Plaintiff must rely on incomplete and spotty evidence without the documents that were destroyed during

MD Trucking's dissolution, the Court will move to considering lesser sanctions for that harm.

### C. Adverse Inference Instruction

Alternatively, Plaintiff requests an adverse inference jury instruction. (Mot. at 14.) Defendants reiterate their arguments that Defendants did not have actual notice of a potential claim and echo that the records are not relevant to Plaintiff's claims and therefore cannot cause prejudice. (Resp. at 8-9.)

"When a party is prejudiced, but not irreparably, from the loss of evidence that was destroyed with a high degree of culpability, a harsh but less extreme sanction than dismissal or default is to permit the fact finder to presume that the destroyed evidence was prejudicial." *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 617 (S.D. Tex. 2010). "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Hamilton v. Signature Flight Support Corp.*, No. C 05-0490, 2005 WL 3481423, at *3 (N.D. Cal. Dec. 20, 2005) (citation omitted). Having already addressed factors one and three—and found for Plaintiff—the Court moves to culpability.

"Courts have not been uniform in defining the level of culpability—be it negligence, gross negligence, willfulness, or bad faith—that is required before sanctions are appropriate for evidence destruction." *Ashton*, 772 F. Supp. 2d at 800 (citation omitted). In the Ninth Circuit, "a party's destruction of evidence need not be in 'bad faith' to warrant a court's imposition of sanctions." *In re Napster*, 462 F. Supp. 2d at 1066 (citing *Glover*, 6 F.3d at 1329). The Ninth Circuit has instructed that district courts may impose sanctions against a spoliating party that merely had "simple notice of 'potential relevance to the litigation.'" *Glover*, 6 F.3d at 1329 (quoting *Akiona*, 938 F.2d

at 161). Nevertheless, "a party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." *In re Napster*, 462 F. Supp. 2d at 1066–67.

The Ninth Circuit has also yet to clearly articulate the degree of culpability necessary to warrant an adverse inference instruction. *S.E.C. v. Mercury Interactive LLC*, No. 3:07-CV-02822-WHA, 2012 WL 3277165 at *10 (N.D. Cal. Aug. 9, 2012). However, courts have found that an adverse inference instruction may be warranted where the destruction was either willful or grossly negligent. *In re Napster*, 462 F. Supp. 2d at 1078; *see also Lewis v. Ryan*, 261 F.R.D. 513, 521 (S.D. Cal. 2009); *Karnazes v. Cnty. of San Mateo*, No. C 09-0767 MMC (MEJ), 2010 WL 2672003, at *2 (N.D. Cal. July 2, 2010) ("An adverse inference instruction may be appropriate where a party's bad faith or gross negligence has resulted in either the spoliation of evidence or failure to turn over relevant evidence.").

As discussed above, Defendants destroyed all MD Trucking-related documents that they had a duty to preserve. Defendants, at the very least, should have known such documents would be related to any subsequent claim, even if in their favor. The timing of Defendant's transfer of assets to his brother-in-law—within days after he learned of Mr. Christoffersen's death—is at least circumstantial evidence of Defendant's awareness of potential liability and intent to avoid it. Defendants' conduct amounts to gross negligence, if not willfulness, which is sufficient culpability to justify an adverse inference. Therefore, the Court finds an adverse inference instruction to be warranted. The parties shall submit proposed adverse inference instructions with the other jury instructions to be filed before trial.

### D. Monetary Sanctions

Plaintiff also requests an award of attorneys' fees and costs incurred as a result of Defendants' alleged misconduct and in bringing the instant Motion. (Mot. at 14.) Defendant responds that even if spoliation sanctions are applied, Plaintiff failed to articulate any legal basis for awarding fees or show the requisite bad faith needed to assess such fees. (Resp. at 10.)

Monetary sanctions may be imposed where one party has wrongfully destroyed evidence. *See, e.g., Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 558 (N.D. Cal. 1987). Plaintiff claims that she is entitled to her attorneys' fees associated with bringing this Motion, but the Court finds that monetary sanctions are unwarranted here. Plaintiff has not made a conclusive showing of bad faith and Defendants were forthcoming regarding the lack of documents and did not otherwise forestall litigation or delay discovery. Without any evidence of bad faith or a higher standard of knowing culpability, the Court will deny Plaintiff's request for monetary sanctions.

## IV. CONCLUSION

After receiving multiple notices regarding Plaintiff's injury claims and the severity of the accident, Defendants should have known to preserve their records, even after choosing to dissolve MD Trucking. Nonetheless, Plaintiff has failed to present evidence that the destruction of records or the dissolution of the company were done in bad faith. Without such evidence, Plaintiff's Motion for sanctions for spoliation of evidence will be denied with respect to the requests for default judgment and monetary sanctions, but granted as to the request for an adverse inference instruction.

**IT IS ORDERED** granting in part and denying in part Plaintiff Judy Christoffersen's Motion for Sanctions and Default Judgment (Doc. 59). Plaintiff is not entitled to default judgment or monetary sanctions but is entitled to an adverse inference instruction at trial, which the parties shall propose at a later specified date.

Dated this 20th day of June, 2017.

_____
Honorable John J. Tuchi
United States District Judge